754 So.2d 336 (2000)
STRONG'S PLUMBING, INC., Plaintiff-Appellee,
v.
ALL SEASONS ROOFING & SHEET METAL, INC., Defendant-Appellant.
No. 32,783-CA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*337 Simon, Fitzgerald, Cooke, Reed & Welch by Kevin R. Molloy, Shreveport, Counsel for Defendant-Appellant.
Mayer, Smith & Roberts by Steven E. Soileau, Shreveport, Counsel for Plaintiff-Appellee.
Before NORRIS, C.J., and KOSTELKA and DREW, JJ.
NORRIS, Chief Judge.
Leon Angel Constructors, Inc. appeals a judgment which cast it in solido with All Seasons Roofing & Sheet Metal Inc. for the balance due on an open account and attorney fees. Leon Angel Constructors contends it was improperly joined as a defendant upon the oral motion of the plaintiff at trial, and improperly cast in judgment without citation and service. For the reasons expressed, we affirm in part and vacate in part.

Factual background
The plaintiff, Strong's Plumbing Inc., performed certain plumbing work on behalf of All Seasons and sent an invoice for $8,101.83 on February 27, 1997. There was, however, no written contract between the parties. Strong's president, Ricky Strong, testified that this was because the president of All Seasons, Leon G. Angel, had informed him he "was fixing to change the company over to Leon Angel Constructors," and that once this took place Angel would draft a contract. Strong also testified that Angel later informed him that Leon Angel Constructors was the name of the new company; in fact, the February 1997 invoice was addressed to "Leon Angel Constructors." However, Strong's petition, filed in November 1997, named only All Seasons as defendant.
At trial in February 1999, Strong's counsel orally moved to amend the pleadings "so that if we get a judgment it's going to include both Leon Angel Constructors and All Seasons." All Seasons' counsel opposed the motion on grounds that joining a completely new defendant by oral motion in the middle of trial was improper and prejudicial in that he was not prepared to provide evidence that the two companies were separate. The trial court, however, expressed the belief that the two companies were apparently the same, and permitted both sides to brief whether the amendment would be proper or if a new suit against Leon Angel Constructors was necessary.
During the remainder of the trial, Strong's offered its own invoices addressed to Leon Angel Constructors; a letter written by Leon Angel on the letterhead of Leon Angel Constructors, Inc., terminating Strong's services on the project; certain payroll records showing listing James Strong as an "employee" of Leon Angel Constructors (another, however, listed him as an employee of All Seasons); and payroll records listing All Seasons as the contractor for the time frame after Strong's was terminated. All of this tended to show that All Seasons and Leon Angel Constructors were the same entity.
In response, Angel denied telling Strong that All Seasons would continue to do business as Leon Angel Constructors; he maintained that the two companies were separate entities with separate Louisiana State contractor's licence numbers and checking accounts. He also showed that although both companies' letterhead bore the same post office box, street address, phone and fax number, different state contractor's license numbers were listed for each company.
After the presentation of evidence and arguments of counsel, the court ruled from the bench:
All Seasons Roofing and Sheet Metal Inc. is the same, for purposes of the documentation that has been presented to this Court and the evidence as Leon Angel Constructors, Inc. The Court is making no ruling as to whether or not any corporatecorporation should be pierced. I am specifically ruling on the names that have been tendered on the *338 payroll documents as well as the letterhead. These names have been used interchangeably and have been provided by the defendant. That's my ruling with regard to that.
The court subsequently signed a judgment in favor of Strong's and against both All Seasons and Leon Angel Constructors, Inc., in solido, for $7,819.83 plus 25% attorney fees.

Discussion
This appeal has been taken in the name of Leon Angel Constructors, Inc. The appellant urges the judgment against it is an absolute nullity because Leon Angel Constructors, Inc. was never cited and served as required by La. C.C.P. art. 1201 A. Appellant also urges the court erred in allow the oral amendment to join a defendant in the middle of trial, and in finding that All Seasons and Leon Angel Constructors, Inc. were the same entity.
In defense of the judgment, Strong's cites the trial court's great discretion in allowing amendments to pleadings, and argues there was no abuse of discretion. Strong's also cites the court's great discretion in making the factual finding that All Seasons and Leon Angel Constructors, Inc. were the same entity, and urges this was not plainly wrong. Strong's also contends that the defendants did not object to any of the evidence showing they were one and the same, thus waiving any argument to the contrary. Alternatively, Strong's argues that Leon Angel Constructors, Inc. is a successor corporation to All Seasons and thus liable for the debt of its predecessor. Finally, Strong's contends that service and citation were not needed on Leon Angel Constructors, Inc. in light of the finding that this company was the same as All Seasons.
Under La. C.C.P. art. 1201 A, citation and service thereof are essential in all civil actions except summary and executory proceedings and divorce actions under C.C. art. 102; without citation and service, all proceedings are an absolute nullity. Even a defendant's actual knowledge of a legal action cannot supply the want of citation; proper citation is the foundation of all actions. Peschier v. Peschier, 419 So.2d 923 (La.1982); Richardson v. O'Neal, 30,599 (La.App. 2 Cir. 5/13/98), 716 So.2d 26. The instant record clearly shows service and citation on All Seasons only, and none on Leon Angel Constructors, Inc. Moreover, there is no "written waiver made part of the record" on the appellant's behalf, which would dispense with service and citation. La. C.C.P. art. 1201 B.
From the record, we view the trial court's comments and actions as indicative of an intent to recognize that Leon Angel Constructors, Inc. was the same legal entity as All Seasons, and to allow the amendment so Strong's might prove this fact. However, the wording of the judgment does not coincide with the court's stated reasons; the judgment apparently casts two corporations, All Seasons and Leon Angel Constructors, Inc., in solido for $7,819.83 plus attorney fees and costs. Appeal lies from the judgment, not the reasons therefor. White v. McCoy, 552 So.2d 649 (La.App. 2 Cir.1989), and citations therein. To the extent that it casts Leon Angel Constructors, Inc. solidarily liable with All Seasons, the judgment is in error.
By entertaining this appeal, however, we do not explicitly recognize Leon Angel Constructors, Inc. as necessarily being a separate legal entity from All Seasons. From the instant judgment, both companies have the right of appeal, All Seasons in its own right, and Leon Angel Constructors, Inc. as a potential intervener. La. C.C.P. art. 2086. If at some future time Leon Angel Constructors, Inc. is properly haled into court and determined to be corporately identical to All Seasons, then it may also appeal the final judgment then rendered.

*339 Conclusion

For the reasons expressed, we affirm the portion of the judgment rendering judgment against All Seasons Roofing & Sheet Metal Inc. We vacate the portion referring to Leon Angel Constructors, Inc. by striking from the judgment the words, "and Leon Angel Constructors, Inc., in solido." Costs are assessed to Strong's Plumbing Inc.
AFFIRMED IN PART, VACATED IN PART.