867 So.2d 844 (2004)
Gai NGUYEN
v.
Wing Ming FOK and State Farm Mutual Automobile Insurance Company.
No. 03-CA-744.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
Rehearing Denied March 22, 2004.
*845 David V. Batt, Bradley S. Groce, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, for Appellants.
Joel R. Waltzer, Bruce C. Waltzer, Waltzer & Associates, New Orleans, LA, for Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
The Defendants, Wing Ming Fok, Lillian Fok and State Farm Mutual Automobile Insurance Company (State Farm), appeal from a judgment in favor of the Plaintiff, Gai Nguyen, in an automobile collision case. We affirm.
The accident occurred on May 22, 2000 in Harvey, Louisiana. While attempting to leave the parking lot of a grocery store, the Plaintiff was struck by a car insured by State Farm and driven by Defendant, Lillian Fok. State Farm paid the Plaintiff's property damages. Subsequently, on April 4, 2001, the Plaintiff filed suit for personal injuries against Wing Ming Fok and State Farm, as the insurer of the automobile. Wing Ming Fok is the husband of Lillian Fok and was not involved in the accident. Lillian Fok was not named a Defendant, initially.
The trial was held in Second Parish Court for the Parish of Jefferson on May 14, 2002, September 9, 2002, and November 19, 2002. During trial, it became apparent to Plaintiff that Wing Ming Fok was the wrong Defendant and that Lillian Fok, his wife, was the proper Defendant. At the conclusion of the trial, the Defendants filed a Motion for Involuntary Dismissal, which was deferred by the trial judge. The case was continued and on November 5, 2002, the Plaintiff filed a motion to amend the petition to substitute as Defendant, Lillian Fok for Wing Ming Fok. State Farm filed an opposition in which it also alleged that the action was prescribed. The parties argued the issue in the November 19, 2002 hearing, following which, the trial judge ordered them to brief the procedural issues. The case was taken under advisement. On February 25, 2003, the trial judge rendered a judgment granting the motion to amend the petition, denying the exception of prescription and motion for involuntary dismissal, and awarding the Plaintiff $15,630 in damages.
On appeal, the Defendants first assert that the trial judge erred in granting the motion to amend and in allowing the amended petition to relate back to the filing of the original petition. Second, they contend that the trial judge erred in finding that the claim against Lillian Fok was not prescribed. Third, they assert that the trial judge violated Lillian Fok's due process rights by rendering a judgment against her without providing her an opportunity to answer the allegations or present a defense. Fourth, they allege that the trial judge erred in rendering a judgment against Lillian Fok because she was not cited and served with the amended petition, in violation of La.C.C.P. art. 1201. Fifth, they contend that lacking citation and service, the trial judge did not have personal jurisdiction over Lillian Fok, as required by La.C.C.P. art. 6. Sixth, the Defendants assert that the trial judge erred in denying their motion for involuntary dismissal.
AMENDMENT OF THE PETITION
La.C.C.P. Art. 1151 allows a plaintiff to amend the petition without leave of court *846 after the answer has been filed or within 10 days after it has been served. Otherwise, it may be amended only by leave of court or by written consent of the adverse party. La.C.C.P. Art. 1153 provides that an amended petition will relate back to the original petition "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...."
In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the Louisiana Supreme Court established the criteria for determining when an amendment to add or substitute a party relates back to the original petition to defeat prescription. In that slip and fall case, the plaintiff mistakenly sued "Alexandria Mall" rather than "Alexandria Mall Company", a partnership which actually owned the premises on which the plaintiff fell. Plaintiffs sought to amend the petition to name the correct party after the prescriptive period for bringing the action expired. The trial judge sustained an exception of prescription brought by the defendant and the court of appeal affirmed. The Ray court reversed. In holding that the amended petition related back to the original petition and the action was not prescribed, the court analyzed the federal law interpreting the federal rules of civil procedure. The Ray court noted that "Rule 15(c) alters the generally accepted rule that a new defendant may not be added after prescription has run, and the facts of each case must be viewed carefully subject to the following caveat: this rule does not apply where the amendment seeks to add new and unrelated defendants, since this would be tantamount to assertion of a new cause of action." Ray, 434 So.2d at 1086. {Emphasis added}
Under Ray, the an amendment to the petition relates back to the original petition when:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray, 434 So.2d at 1087. See also: Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040, 1042 (La. 1985). [In Giroir, the amendment changed the capacity of one of the plaintiffs and added other claims.][1]
In Ray, the court found that the defendants had "engaged in a smokescreen of legalistic maneuvering in order to dodge judicial resolution of the merits of the plaintiff's claim." Ray, 434 So.2d at 1086. Citing comments made by the late Henry McMahon, one of the chief redactors of the then new Louisiana Code of Civil Procedure, the court quoted,
*847 "The new code embodies procedural rules designed to permit the trial of a case to serve as [the] search for the truth, and to have [the] decision based on the substantive law applicable, rather than upon technical rules of procedure." Amendment of pleadings plays a central role in assuring that the pleadings are not an end in themselves, but only the means of properly presenting the case for full judicial resolution on the merits. The express purpose of arts. 934 and 1153 is to allow amendment of the petition to remove the grounds for the peremptory exception whenever possible and where dismissal of the suit should not be in the interests of justice.
[Citations omitted]
In this case, the amended claim arose out of the same transaction or occurrence and Lillian Fok had notice of the action. Both she and State Farm knew or should have known that but for a "mistake" concerning her identity, the action would have been brought against her since she was the driver of the car. From the commencement of the case, her actions were scrutinized. Her husband's involvement was never an issue. Furthermore, Lillian Fok accepted service when the petition was initially served by the Plaintiff. As an insured under the automobile liability insurance policy, she would expect to be defended by State Farm. Furthermore, she meets the relationship test as she is Wing Ming Fok's wife and cannot claim to be an entirely new Defendant. Thus, since the facts here satisfy the criteria set forth in Ray, we find that the trial judge did not err in granting the Plaintiffs motion to amend the petition, in finding that the claim against Lillian Fok relates back to the filing of the original petition, in denying the exception of prescription, and in denying the motion for involuntary dismissal.
DUE PROCESS
The Defendants argue that Lillian Fok was denied due process because she was deprived of an opportunity to answer the Plaintiff's allegations or present a defense. State Farm asserts that it did not represent her during the proceedings or at trial. The Defendants also argue that Lillian Fok was denied due process because she was not served with the amended petition.
The record reflects that State Farm was fully aware, long before trial, that the driver was not Wing Ming Fok, but his wife Lillian Fok. In this appeal, State Farm claims that everyone involved in the proceedings also knew that Ming Wing Fok was not the driver. That is not reflected in the record. The Plaintiff argued at the hearing on the amended petition that he was unaware that Wing Ming Fok was a different person because, in the Oriental community, a person may have both an American and Oriental name. The transcript shows that this mistake was only rectified after the Plaintiff rested her case. When the Defendants called Lillian Fok to testify on the second day of trial on September 9,2002, the trial judge questioned her about her identify when she gave her name. At that time, Lillian Fok informed the court that Wing Ming Fok was her husband. Prior to then, everyone appears to have thought Lillian Fok was the same person as Wing Ming Fok. State Farm never notified anyone of the error and, in fact, the record reflects that State Farm acted as if Lillian Fok were the client and the named Defendant from the inception of the case. Counsel made comments referring to her as State Farm's client in the depositions of Lillian Fok's parents, who *848 were passengers in the car,[2] in questioning the Plaintiff during trial, and in the closing argument on November 19, 2002. In addition, Lillian Fok was seated at the defense table next to counsel and the trial judge, in speaking to Lillian Fok after she testified, referred to counsel for State Farm as "your counsel." State Farm filed a generic answer to this suit and pursued typical discovery for a simple, uncomplicated automobile accident case and it actively defended the action. Under these facts, we cannot see how Lillian Fok was prejudiced by not being named a Defendant originally or how she is prejudiced by the amendment. Thus, we conclude that Lillian Fok was not deprived of her due process rights by the amendment.
The Defendants also contend that Lillian Fok was deprived of due process because she was not served and cited with the amended petition and thus, the judgment is a nullity. Under La.C.C.P. art. 1201 A, the amended petition is subject to citation and service requirements. C.C.P. art. 1201 C requires a request for service and citation of the amended petition to be made within 90 days of the filing of the amended petition.
The record here reflects that the Plaintiffs requested service and citation of the amended petition on Lillian Fok within the allotted time period. When service and citation is requested by a party, the parish clerk's office must issue the citation and must deliver it to the sheriff for service. La.C.C.P. art. 252. The record does not reflect a return of service, although it was requested timely by the Plaintiff. Nevertheless, the Defendants are not entitled to a reversal on this basis.
The declinatory exception of insufficiency of service must be pleaded prior to answer and, "prior to or along with the filing of any pleading seeking relief..." La.C.C.P. art. 928. Exceptions must be in written form and comply with the form of pleadings. See: C.C.P. art. 924. When the grounds of the declinatory exception can be removed, the judgment sustaining the exception must allow the plaintiff an opportunity to remove the objection. La.C.C.P. art. 932,
In this case, the Defendants alleged that the matter was prescribed in the post-trial brief in opposition to the amended petition. The Defendants did not file a declinatory exception of insufficient service at any time prior to or with the exception of prescription or prior to the judgment. The Plaintiff had no opportunity to remove the objection. Thus, we find that the exception was waived.
PERSONAL JURISDICTION
The Defendants next contend that the trial judge did not obtain personal jurisdiction over the person of Lillian Fok due to lack of citation and service.
La.C.C.P. art. 6 A(3) provides that the declinatory exception of lack of personal jurisdiction is waived unless pled timely. The Defendants failed to file a declinatory exception of lack of jurisdiction in this case prior to judgment being rendered. Again, the Plaintiff was not presented with an opportunity to remove the objection. Consequently, this exception was also[3] waived.
*849 Accordingly, the judgment of the trial court is hereby affirmed. Costs of the appeal are to be paid by the Defendants.
AFFIRMED.
NOTES
[1] In Giroir, the court stated, "Because La. C.C.P. art. 1153 is based on Federal Rule of Civil Procedure 15(c), its doctrinal commentaries and judicial interpretations are strongly persuasive as to the meaning and application of the Louisiana article." Giroir, 475 So.2d at 1042.
[2] The parents' depositions were taken through an interpreter in June of 2002 in lieu of trial because they had to return to their homeland in Hong Kong.
[3] We also note that neither she nor State Farm suffered prejudice by the lack of citation and service. State Farm vigorously defended the case and Lillian Fok was involved from the beginning. She was not prejudicially surprised by the amendment and State Farm argued the propriety and legality of the amendment at the hearing in November.