892 So.2d 581 (2004)
Fletter C. TAYLOR, Plaintiff-Appellant
v.
LSU MEDICAL CENTER, Defendant-Appellee.
No. 38,944-CA.
Court of Appeal of Louisiana, Second Circuit.
October 14, 2004.
Opinion on Rehearing January 26, 2005.
*582 The Singleton Law Firm, by W. James Singleton, Reshonda Leshay Bradford, for Appellant.
Mark E. Posey, Assistant Attorney General, for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
DREW, J.
In this employment discrimination suit, Fletter Taylor appeals a judgment dismissing her claim without prejudice because of her failure to timely request service. We affirm.

FACTS
Taylor filed suit on August 9, 2001, against LSU Medical Center ("LSUMC"). Taylor alleged that she had been wrongfully terminated in May 2000 because of her race and comments she had made regarding the proposed removal of another minority nurse.[1] Service of process was made as requested on LSUMC through its agent, CT Corporation System in Baton Rouge, on August 23.
On April 3, 2002, the LSU Board of Supervisors, appearing through the LSU Health Sciences Center-Shreveport ("LSUHSC"), filed the declinatory exception of insufficiency of citation and insufficiency of service of process, as well as a separate motion to dismiss. LSUHSC argued that the citation was defective in that there was no entity named LSUMC that was subject to suit. LSUHSC further argued that service was defective in that it was not made upon the Attorney General's office and upon the head of the Board of Supervisors, as required by La. R.S. 13:5107(A). LSUHSC prayed that the action be dismissed without prejudice pursuant to La. R.S. 13:5107(D) as the result of Taylor's failure to request proper service within 90 days of commencing the action. The exceptions and the motion to dismiss were set for hearing on April 29, 2002.
On April 23, 2002, Taylor amended her petition to substitute LSUHSC and the Board of Supervisors as defendants. Service was requested and apparently effected on LSUHSC through the Attorney General and on the Board of Supervisors *583 through its Chairman on April 30 and May 2, 2002, respectively.
On April 30, 2002, the trial court rendered judgment sustaining the exceptions of insufficiency of citation and service of process. The court noted in a footnote in the judgment that Taylor had amended the petition to name the proper defendant and request service on the appropriate agent. Although there was no mention of the motion to dismiss in the judgment, the court minutes show that the exception of insufficiency of service and the motion to dismiss were granted on April 29, 2002.
In April 2003, Taylor attempted to get a default judgment against LSUHSC. On May 19, 2003, LSUHSC filed the peremptory exception of prescription. LSUHSC argued that the suit was dismissed by the April 30 judgment, or in the alternative, it re-urged the arguments in support of its motion to dismiss. A hearing was held on September 8, 2003.[2] The trial court rendered judgment dismissing the action without prejudice pursuant to La. C.C.P. art. 1672(C). Taylor appealed.

DISCUSSION
The Confederate Memorial Medical Center was merged with the LSU Medical School at Shreveport in 1976. See La. R.S. 17:1517. We note that § 8 of Act 802 of 1999 directed the Law Institute to change all references in law from the "Louisiana State University Medical Center" to the "Louisiana State University Health Sciences Center." At the time Taylor was fired, La. R.S. 17:1519(5) provided in part, "`Hospitals' shall not include the health care institution, formerly known as the Confederate Memorial Medical Center at Shreveport, merged with the Louisiana State University Health Sciences Center at Shreveport by R.S. 17:1517."[3] LSUHSC is part of the LSU System and is under the supervision and management of the Board of Supervisors. La. R.S. 17:3215.
Citation and service thereof are essential in all civil actions except for summary and executory proceedings, Article 102 divorce actions, and proceedings under the Children's Code; without them all proceedings are absolutely null. La. C.C.P. art. 1201(A). Proper citation is the foundation of all actions. Richardson v. O'Neal, 30,599 (La.App.2d Cir.5/13/98), 716 So.2d 26.
The requirements of service of process and citation upon LSUHSC are found in La. R.S. 13:5107(A):
In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
*584 The requisite period in which service is to be made upon LSUHSC, as well as the penalty for the failure to do so, are provided in La. R.S. 13:5107(D):
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
A dismissal premised upon La. R.S. 13:5107(D)(2) should not be reversed in the absence of manifest error. Patterson v. Jefferson Davis Parish School Bd., XXXX-XXXXX (La.App. 3d Cir.12/6/00), 773 So.2d 297.
La. C.C.P. art. 1672(C) requires dismissal without prejudice when "service has not been requested within the time prescribed by Article 1201(C) ... unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time." The motion for an art. 1672(C) dismissal may be made by any party or the court.
"The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant." Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576 (La.2/7/03), 841 So.2d 725, 726. A request for service of process satisfies the 90-day requirement of La. R.S. 13:5107(D) when it names the proper party or agent for service of process. Thomas v. Louisiana Dept. of Public Safety and Corrections, XXXX-XXXX (La.App. 1st Cir.3/28/03), 848 So.2d 635, writ denied, 2003-2397 (La.11/21/03), 860 So.2d 552.
Taylor failed to request service upon the proper agent within 90 days of the filing of her original petition as CT Corporation was not the proper agent for service. On August 29, 2001, Leon Reymond, representing the Foundation for The LSU Health Sciences Center, wrote to Taylor's counsel that CT, which was the Foundation's agent for service of process, had forwarded the petition to the Foundation. Reymond advised that because Taylor was suing LSU Medical Center and not the Foundation, she should serve the appropriate agent for the defendant. Taylor's attorney received this letter on September 4, 2001. Despite the receipt of this information, Taylor did not act with haste to serve the proper defendant or agent. Instead, she waited until April of 2002 to amend her petition and request service on the proper defendant, which was more than eight months after the filing of her original petition.
*585 The facts of this case are similar to those in Barnett v. Louisiana State University Medical Center-Shreveport, supra. Barnett filed suit on January 24, 2002, requesting service of process on CT Corporation System, the incorrect agent for service of process. CT alerted Barnett of this mistake on February 4, 2002. Nevertheless, Barnett waited more than 90 days after receiving this information to serve the correct agent. Dismissing Barnett's petition against defendant without prejudice, the supreme court stated:
Louisiana Code of Civil Procedure article 1672 requires dismissal without prejudice as to a named defendant for whom service of process has not been requested within the 90-day time period prescribed by article 1201(C), unless good cause is shown why service could not be requested. If the plaintiff successfully demonstrates good cause, "the court may order that service be effected within a specified time." La.Code Civ. Proc. art. 1672(C).
Louisiana courts strictly construe the good cause requirement of article 1672(C). See Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283. Consequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process. See Conner v. Continental Southern Lines, 294 So.2d 485 (La.1974) (holding that service of process on incorrect agent is illegal and without effect); Brooks v. Terry, 608 So.2d 1047 (La.App. 1st Cir.1992) (annulling judgment against defendant who had been improperly served).
Relevant to this case, La.Rev.Stat. 13:5107 explicitly governs service on a state agency, such as the defendant medical center. Thus, plaintiff could have discerned the proper agent with minimal effort and cannot show good cause for the delay in proper service. The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant. Because correct service was not accomplished in this case, and because plaintiff did not attempt service within 90 days on the proper agent, even after being notified by C.T. Corporations Systems that it was not the correct agent for defendant, article 1672 is applicable, and dismissal without prejudice is required.
Id., 841 So.2d at 726.
In an attempt to avoid the penalty of La. R.S. 13:5107 by showing good cause why service upon the proper agent could not be requested, Taylor argues that she was essentially lulled into inaction by two letters received by her attorney. The first letter is dated August 31, 2001, and is from Penny Buchanan, a State Risk Claims Adjuster. Buchanan wrote that she had recently received the pleadings filed against the state, and although she was not waiving any procedural and legal defenses, she requested an informal 30-day extension of time to review the file and prepare appropriate pleadings. The second letter, dated September 5, 2001, is from attorney William Norfolk. Norfolk wrote to confirm his telephone conversation of the preceding day with Taylor's attorney, and that he appreciated the agreement of Taylor's counsel to take no adverse action against LSUMC without advance notice to him. Norfolk added that until the case was assigned to an attorney in the Attorney General's office, he would answer any questions regarding the suit.
Norfolk had represented LSU in the civil service appeal process initiated by Taylor in June of 2000 and which was resolved on April 12, 2002. In additional support for her "good cause" argument, Taylor asserts that she relied on her working *586 relationship with Norfolk and his failure to complain about lack of service.
Taylor's attorney stated at the September 8, 2003, hearing that it was not until the filing of the declinatory exceptions on April 3, 2002, that they knew the wrong entity had been named in the suit. The amended petition was filed shortly thereafter.
Although "good cause" is not defined in La. C.C.P. art. 1672(C), courts have concluded that mere confusion regarding a party's correct name or inadvertence on the part of plaintiff's counsel to request service is not a sufficient basis for good cause. Norbert v. Loucks, XXXX-XXXX (La.6/29/01), 791 So.2d 1283. Confusion regarding the proper agent for service of process does not constitute good cause for the failure to request proper service. Thomas v. Louisiana Department of Public Safety and Corrections, supra.
Taylor's counsel could have learned the proper party or agent to request service upon by referring to La. R.S. 13:5107. It is of no significance in this instance that the state was aware of the action. Even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions. Naquin v. Titan Indemnity Co., XXXX-XXXX (La.2/21/01), 779 So.2d 704. See also Richardson v. O'Neal, supra, where service of the citation upon the appellees' attorney was not sufficient service upon the appellees. Nor is it significant that Taylor's attorneys engaged in communications with representatives of the state regarding this case. See Naquin, supra, where ongoing settlement negotiations did not absolve the plaintiff of his responsibility to comply with the service requirements.
Reliance on the mistakes of others is not "good cause." In Thomas v. Louisiana Department of Public Safety and Corrections, supra, service was requested on the Secretary of State instead of on the Secretary of the Department of Public Safety and Corrections ("DPSC"). Although the Secretary of State refused service, Thomas received a post card from the Clerk of Court indicating that service had been effected.[4] A request for service on the Secretary of DPSC was made 18 months after the filing of the petition. The appellate court rejected Thomas's reliance on the post card as good cause, stating that "this notice to plaintiff that the sheriff had made the requested service upon the wrong agent did not relieve plaintiff of his duty to request service upon the proper party." Id., 848 So.2d at 640.
Taylor's apparent later service on the proper agent through the amended petition does not change the result in this matter as it did not cure the earlier defective service. The petition in Barnett, supra, was dismissed even though the correct agent was served outside the 90-day period. See also Thomas, supra.
For the foregoing reasons, we find no error in the trial court granting the dismissal in this matter.
Finally, Taylor contends that La. R.S. 13:5107(D)(3) is unconstitutional. Before the constitutionality of a statute can be considered, the issue must first be raised in the trial court and the statute's unconstitutionality must be specially pleaded. Howard v. Howard, 499 So.2d 222 (La.App. 2d Cir.1986). See Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94), 646 So.2d 859. That was not done in this matter. *587 Moreover, it is a long-standing judicial principle that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. Brinker v. Junction City Wood Co., Inc., 96-2896 (La.1/20/99), 728 So.2d 1252. Such a situation is not present in this case. Accordingly, we do not reach the constitutional issue at this point in this case.

DECREE
At appellant's costs, the judgment is AFFIRMED.
CARAWAY, J., dissents with written reasons.
CARAWAY, J., dissenting.
I respectfully dissent from the majority's ruling affirming the judgment of dismissal without prejudice in this case.
The first judgment in this case was the April 30, 2002 ruling on the declinatory exceptions of insufficient citation and service of process. The judgment granting the exceptions did not comply with the mandatory rule of La. C.C.P. art. 932(A) and order the plaintiff to properly serve LSUHSC within a delay fixed by the court. As reflected in the footnote to the judgment, the trial court apparently believed that plaintiff's previously filed amended petition, which properly named LSUHSC and requested appropriate service, would cure the problem posed by the exceptions. Significantly, the April 30, 2002 judgment on the exceptions did not dismiss the suit.
The second point to be noted from the April 30, 2002 judgment is that it did not rule on LSUHSC's pending "Motion to Dismiss Pursuant to LSA-C.C.P. Article 1672.C" which had been filed on April 3. Arguably, that motion was inappropriate because, pursuant to La. R.S. 13:5107(D), the suit had not been previously filed naming LSUHSC so that service of citation upon LSUHSC had not been withheld for over ninety days within the strict context of that law. In any event, the trial court again did not render a written judgment dismissing the suit. Yet, by April 30, 2002, LSUHSC had made a limited appearance in the suit and, by virtue of the footnoted judgment, had notice advising that plaintiff's First Supplemental and Amending Petition of April 23, 2002 had recently named LSUHSC as the proper defendant.
It is that same "Motion to Dismiss Pursuant to LSA-C.C.P. Article 1672.C" which resulted one year and a half later in the judgment of dismissal without prejudice that is the subject of this appeal. Nevertheless, because of LSUHSC's actions throughout the mangled course of the proceedings, it has already appeared as a party defendant in this suit, and the "dismissal without prejudice" was improper.
Without re-urging the trial court to rule on its Motion to Dismiss, LSUHSC filed a peremptory exception of prescription on May 19, 2003. With this peremptory exception, LSUHSC made a general appearance in the suit and waived the lack of formal service of the First Supplemental and Amending Petition, which it acknowledged as having received in the allegations in the peremptory exception. Dumas v. Angus Chemical Co., 31,399 (La.App.2d Cir.1/13/99), 729 So.2d 624. The hearing, which resulted in the present judgment of dismissal without prejudice, was actually set as a hearing on LSUHSC's exception on prescription.
This case should not now be dismissed without prejudice for lack of timely service (a La. C.C.P. art. 1672.C dismissal), because LSUHSC already appeared in the suit and had moved on to the more important issue of prescription. Nevertheless, at the hearing on the exception of prescription, *588 LSUHSC misdirected the trial court back to its abandoned "Motion to Dismiss Pursuant to LSA-C.C.P. Article 1672.C." LSUHSC apparently did this because of the harsh benefit it will receive under La. R.S. 13:5107(D)(3), which is dependent upon a prior dismissal under La. C.C.P. art. 1672(C). Considered, Bordelon v. Medical Center of Baton Rouge, 03-0202 (La.10/21/03), 871 So.2d 1075. Yet, La. R.S. 13:5107(D)(1) contemplates a waiver of service which arguably had initially occurred through the correspondence plaintiff received from Ms. Buchanan and Mr. Norfolk. More importantly, that correspondence reveals significant notice to LSUHSC within the prescriptive period, which under Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), may prevent the prescription bar which it is now urging. While these are the important issues for review of LSUHSC's claim for prescription, its backtracking in this case to its abandoned motion for an Article 1672(C) dismissal was inappropriate. I respectfully submit that the judgment of dismissal without prejudice should be reversed and the case remanded for consideration of the pending exception of prescription.

ON REHEARING
CARAWAY, J.
We granted rehearing to further review the procedural process of La. R.S. 13:5107, which provides in pertinent part as follows:
(A) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
* * *
(D) (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
*589 We now reverse the trial court's judgment of dismissal of the suit.
The unique procedure of this case was thoroughly reviewed in the initial opinion of this court. We reiterate the following procedural facts which demonstrate that the untimeliness of citation and service was never challenged by the defendant, LSU Health Sciences Center ("LSUHSC"), under La. C.C.P. art. 1672(C) and La. R.S. 13:5107(D)(2) and was waived by its actions in seeking relief by a peremptory exception.
The original petition was filed against a misnamed non-entity, LSU Medical Center, and service for the action was made on CT Corporation System, which is not LSUHSC's agent for service of process. The initial petition and service of process were therefore completely insufficient to support any action of the court or judgment against LSUHSC, which was not named in the suit. Nevertheless, LSUHSC apparently received informal notice of the action and filed pleadings in its name challenging service of the suit and seeking dismissal under La. R.S. 13:5107(D) and La. C.C.P. art. 1672(C) for failure to serve citation within ninety days after the filing of the suit. This procedural objection was raised by declinatory exceptions regarding citation and service of process and by a separate motion to dismiss under the authority of La. R.S. 13:5107(D).
While we will base our ruling upon LSUHSC's further actions in the case as discussed below, it is significant to note that at the time LSUHSC filed its motion to dismiss, Taylor was not in violation of the procedural rule embodied in La. R.S. 13:5107(D). Suit had never been filed against LSUHSC, and service of citation upon LSUHSC had never been withheld. In the language of the statute, Taylor "requested" service, service was made within ninety days, but not on LSUHSC.
Through an amended petition filed on April 23, 2002, Taylor, for the first time, named LSUHSC and expressly "requested" at the end of the pleading that service be made on LSUHSC through the Louisiana Attorney General, whose address was listed in Baton Rouge. Such service of the state agency through the attorney general is sanctioned under La. R.S. 13:5107(A). The record reveals the clerk of court's file copy of a citation addressed to the attorney general, indicating the attachment of the original petition and the first supplemental and amended petition as requested by Taylor. However, there is no showing in the record through a sheriff's return that service of citation was ever attempted upon LSUHSC.
On April 30, 2002, LSUHSC received a judgment in its favor sustaining its declinatory exceptions regarding the insufficiency of citation and service of process of the original petition. The judgment, however, did not comply with La. C.C.P. art. 932(A) by ordering Taylor to properly serve LSUHSC within a delay fixed by the court. Instead, the judgment contained a footnote reflecting that the First Supplemental and Amending Petition had been filed "naming the proper defendant and requesting service on the appropriate agent." The notice of judgment for this ruling on the exceptions was mailed by the clerk to the counsel of record for LSUHSC.
After the filing of the amending petition and the April 30, 2002 judgment, no service of the petition, amended petition and citation was ever made on LSUHSC. Nevertheless, on May 19, 2003, LSUHSC filed the peremptory exception of prescription. Notably, in the allegations for the exception, LSUHSC asserted:

*590 Therefore, despite the filing of the amending petition on April 23, 2002, attempting to correct the deficiencies of the original petition, plaintiff's action has prescribed.

Discussion
The trial court's dismissal of this suit apparently resulted because Taylor never made a follow-up on the service of the citation and the amended petition which she requested to be made upon LSUHSC. "The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant." Barnett v. Louisiana State University Medical Center-Shreveport, 02-2576 (La.2/7/03), 841 So.2d 725, 726. Yet, when service and citation is accurately requested by a party, the parish clerk of court must issue the citation and must deliver it to the sheriff for service. La. C.C.P. arts. 252 and 321; Nguyen v. Fok, 03-744 (La.App. 5th Cir.2/23/04), 867 So.2d 844.
Significantly, it is unclear from the record why Taylor's request for service of the amended petition was not honored by the clerk of court. Thus, whether Taylor could establish "good cause" for the lack of service under La. C.C.P. art. 1672(C) because of the clerk's inaction remains a question. Because of this ambiguity, we find that it was incumbent upon LSUHSC to file a contradictory motion pursuant to La. C.C.P. art. 1672(C) alleging Taylor's neglect in obtaining service of the amended petition for over ninety days. Such contradictory proceeding would allow Taylor to defend his "request" of service and attempt to show that "good cause" existed and that La. R.S. 13:5107(D) was not violated.
LSUHSC's earlier motion to dismiss, filed prior to the filing of the amended petition, was inappropriate, as noted above, and could not allege Taylor's later actions or inactions in requesting and obtaining service. Following the filing of the amended petition, LSUHSC was therefore required to file a new motion for dismissal and afford Taylor a contradictory hearing. Instead of seeking such dismissal under La. R.S. 13:5107 and La. C.C.P. art.1672(C), however, LSUHSC filed the peremptory exception of prescription. Consequently, the hearing by which the present judgment of dismissal was rendered was actually set as a hearing on LSUHSC's exception of prescription instead of the contradictory hearing required by La. C.C.P. art. 1672(C). This procedural flaw in the process by which LSUHSC obtained the dismissal judgment alone requires its reversal. However, we additionally find a waiver by LSUHSC of the alleged deficiencies in service of process.
LSUHSC's attempt to assert dismissal under La. R.S. 13:5107 following its filing of the peremptory exception presents the question of waiver of service of process. La. R.S. 13:5107(D)(1) expressly allows for a waiver of service of citation by the state agency. In the closely related and analogous setting involving insufficiency of citation and service of process upon a defendant, La. C.C.P. art. 925(C) indicates that the objections available to the defendant through the declinatory exceptions for such deficiencies "are waived unless pleaded" by the declinatory exceptions. In Little v. Little, 513 So.2d 464 (La.App. 2d Cir.1987), this court held that the filing of a declinatory exception after the consideration of a peremptory exception was inappropriate because the seeking of peremptory relief amounted to a waiver of the declinatory objection. This concept of waiver as it relates to the sufficiency of service of process is still in our law despite the repeal of Article 7 of the Code of Civil *591 Procedure and the notion of a defendant's general appearance in a suit.
In this case, the record gives ample evidence that LSUHSC had notice of plaintiff's claim not only within the ninety days following the amended petition but before that amended pleading was ever filed. Timely notice for the preparation of the defense is the concern and purpose of La. R.S. 13:5107(D), and a lack of notice is not present in this case. LSUHSC nevertheless could have challenged the lack of formal service of citation and the amended petition after the 90-day period had passed. Instead, it chose to seek the peremptory relief regarding its defense of prescription. This shows that despite the lapse of the 90-day period, LSUHSC waived the right to seek a dismissal without prejudice under La. R.S. 13:5107(D)(2) and proceeded to a substantive issue in the case.
Accordingly, finding that the dismissal of plaintiff's claims under La. R.S. 13:5107(D)(2) was in error, we reverse the judgment of the trial court and remand the case for further proceedings. The assessment of costs is precluded in these proceedings, because LSUHSC is not required to pay court costs in any judicial proceeding instituted or prosecuted by or against it under La. R.S. 13:4521.
REVERSED AND RENDERED.
DREW, J., dissents with written reasons.
MOORE, J., dissents for the reasons assigned by Judge DREW.
DREW, J., dissenting.
I reiterate the points raised in the original opinion by this court and add these additional observations. First, the majority essentially disregards the original petition upon which the amended petition is based. The majority brushes aside the impact of the La. C.C.P. art. 1672 motion on the original petition by finding it significant that at the time LSUHSC first filed the motion, LSUHSC had not been named as a defendant and thus, service upon LSUHSC had not been withheld. The majority adds that Taylor had requested service within 90 days, but not on LSUHSC. Using the majority's reasoning, failure to request service within 90 days upon the incorrect agent for the properly named defendant would subject a petition to dismissal, but requesting service within 90 days upon the incorrect agent for an improperly named defendant would not run afoul of La. R.S. 13:5107(D)(2).
Second, the majority takes the position that LSUHSC somehow waived its defense by filing the exception of prescription to the amended petition without reurging the motion to dismiss. The majority states:
... Following the filing of the amended petition, LSUHSC was therefore required to file a new motion for dismissal and afford Taylor a contradictory hearing. Instead of seeking such dismissal under La. R.S. 13:5107 and La. C.C.P. art.1672(C), however, LSUHSC filed the peremptory exception of prescription. Consequently, the hearing by which the present judgment of dismissal was rendered was actually set as a hearing on LSUHSC's exception of prescription instead of the contradictory hearing required by La. C.C.P. art. 1672(C). This procedural flaw in the process by which LSUHSC obtained the dismissal judgment alone requires its reversal. However, we additionally find a waiver by LSUHSC of the alleged deficiencies in service of process.
LSUHSC's attempt to assert dismissal under La. R.S. 13:5107 following its filing of the peremptory exception presents the question of waiver of service *592 of process. La. R.S. 13:5107(D)(1) expressly allows for a waiver of service of citation by the state agency. In the closely related and analogous setting involving insufficiency of citation and service of process upon a defendant, La. C.C.P. art. 925(C) indicates that the objections available to the defendant through the declinatory exceptions for such deficiencies "are waived unless pleaded" by the declinatory exceptions.
In doing this, the majority improperly likens the art. 1672 motion to a declinatory exception, as well as ignores the plain language of paragraph C of the article that "[a] judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion...." Our emphasis. Moreover, as recognized by the majority, La. R.S. 13:5107(D)(1) allows for a waiver of service of citation by the state agency. However, it should be noted that 13:5107(D)(1) states that this "requirement may be expressly waived by the defendant in such action by any written waiver." Emphasis added. The filing of the exception of prescription in this instance would not serve as the express waiver contemplated by the statute.
Third, the majority states that:
In this case, the record gives ample evidence that LSUHSC had notice of plaintiff's claim not only within the ninety days following the amended petition but before that amended pleading was ever filed. Timely notice for the preparation of the defense is the concern and purpose of La. R.S. 13:5107(D), and a lack of notice is not present in this case. LSUHSC nevertheless could have challenged the lack of formal service of citation and the amended petition after the 90-day period had passed.
The issue of notice is irrelevant at this juncture in the case because the issue of prescription is not before the court at this time. We are cognizant of our supreme court's statement in Naquin v. Titan Indemnity Co., XXXX-XXXX (La.2/21/01), 779 So.2d 704:
Plaintiff's initial claim is that defendants' knowledge of the pending suit obviated the need for service of citation. Plaintiff argues that adjusters for Titan and the Sheriff knew about the suit and had received courtesy copies of the petition, and that a request for service within ninety days was thus unnecessary. However, it is well-accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions. See, e.g., Peschier v. Peschier, 419 So.2d 923 (La.1982); Strong's Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc., 32-783 (La.App. 2 Cir. 3/1/00), 754 So.2d 336, 338; Kimball v. Kimball, 93-1364 (La.App. 1 Cir. 5/20/94), 637 So.2d 779; Scullin v. Prudential Ins. Co. of America, 421 So.2d 470 (La.App. 4 Cir.1982). The argument that the defendants' knowledge of Naquin's suit can somehow fill the role of service of citation lacks merit.
Id., 779 So.2d at 704. Our emphasis.
Finally, the majority fails to afford credence to the rationale recently expressed by our supreme court in Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576 (La.2/7/03), 841 So.2d 725.
I respectfully dissent.
NOTES
[1] On June 11, 2001, the U.S. Equal Employment Opportunity Commission sent a "Dismissal and Notice of Rights" to Taylor regarding her charges against the hospital. The notice stated that Taylor had 90 days from receipt of the notice to file a Title VII claim.
[2] The trial judge who ruled on April 30, 2002, had since retired.
[3] Subpart C-2, "LSU Health Sciences Center-Health Care Services Division", of Part II of Chapter 4 of Title 17, consisting of La. R.S. 17:1519 to 17:1519.9, was amended and reenacted by § 1 of Act. 906 of 2003.
[4] The post card did not contain any specific information regarding the date or type of service.