MOORE, J.
 

 _JjThis matter comes before the court from our grant of the state’s supervisory writ application filed in the Fourth Judicial District Court, Ouachita Parish, the Honorable Alvin Sharp presiding.
 

 The state Attorney General’s office filed a motion for involuntary dismissal of the plaintiffs original petition filed on December 9, 2005, for failure to request service of citation within the 90-day prescriptive period required under La. R.S. 13:5107(D). After a contradictory hearing on May 27, 2009, the trial court denied the motion. We granted a writ of review to determine whether the trial court correctly denied the state’s motion. After review, we recall the writ and remand for further proceedings.
 

 FACTS
 

 The plaintiff, Patricia Corbin, was a guest passenger in a one-car automobile accident on March 26, 2005. The vehicle, driven by Marvin D. Ferlicca, was heading west on Louisiana Highway 546 when it ran off the right side of the road. Ferlicca lost control of the vehicle as he tried to
 
 *946
 
 correct his path. The vehicle traveled in the ditch and ultimately struck a pine tree on the right-front side of the vehicle, allegedly injuring Corbin.
 

 Corbin filed a petition for damages against the “Louisiana Department of Highways, State of Louisiana,”
 
 [1]
 
 on December 9, 2005, alleging that the state knew or should have known of the severe drop-off of the shoulder on both the north and south sides of Hwy. 546, which was dangerous to vehicles and was the cause of the accident resulting in |2Corbin’s injuries.
 

 Corbin’s counsel requested service on “Commissioner Kay Hodges” in Baton Rouge. Hodges was an employee of the Department of Public Safety and Corrections (“DPSC”) at that time. The record shows that Hodges was personally served with the petition and citation on December 13, 2005.
 

 On March 3, 2006, Corbin’s counsel filed a motion for leave of court to file a first amended petition, requesting permission to amend the original petition for purposes of correctly naming the proper defendant. The motion was granted on March 7, 2006, and on that same day, Corbin filed her First Amended Petition identifying the sole defendant as “State of Louisiana, Department of Public Safety and Corrections, whose agent for service of process ... is J. Albert Ellis, 201 Johnston Street, Suite 100, Alexandria, Louisiana.” The plaintiff adopted by reference all the allegations in the original petition and requested service on the newly named sole defendant by and through Mr. Ellis. A sheriffs return in the record indicates service of citation on March 9, 2006.
 

 Finally, on May 30, 2006, Corbin filed a motion for leave to file a second amended petition in order to correctly identify the proper defendant, the Department of Transportation and Development for the State of Louisiana (“DOTD”). The motion was granted on June 1, 2006, and on that same day, the plaintiff filed her Second Amended Petition naming the DOTD and again adopting by reference all the other allegations in the original petition. Corbin requested service of the original petition, the First LAmended Petition, and the Second Amended Petition on the DOTD, through its agent for service of process, Johnny Bradberry, the Secretary of DOTD in Baton Rouge, Louisiana. The record shows that service of citation was made in person on June 14, 2006, on the “DOTD Legal” office.
 

 On March 12, 2009, nearly three years after the Second Amended Petition was served on DOTD along with the two prior petitions, the state filed a motion for involuntary dismissal of plaintiffs original petition pursuant to La. C.C.P. art. 1672(C), asserting the plaintiffs failure to comply with La. R.S. 13:5107(D)(2). After a contradictory hearing on May 27, 2009, the trial court denied the motion without reasons. Following the ruling, the DOTD filed an application for a supervisory writ, which this court granted and docketed.
 

 For the following reasons, we now recall the writ.
 

 Discussion
 

 The appellate record contains no transcript of the contradictory hearing on the defendant’s motion for involuntary dismissal. The court gave no reasons for judgment. Nor do the court minutes and written judgment provide any assistance to
 
 *947
 
 this court in our determination. This presents a problem in this case because we assume that the trial court denied state’s motion under La. C.C.P. art. 1672(C) on grounds that the plaintiff showed “good cause” for not requesting service on the defendant within the delays allowed by law. This is clearly a factual issue subject to the manifest error standard.
 
 Taylor v. LSU Med. Ctr.,
 
 38,944, p. 4 (La.App. 2 Cir. 10/14/04), 892 So.2d 581, 584,
 
 writ denied,
 
 05-0480 (La.5/20/05), 902 So.2d 1049. Counsel for the plaintiff offers us no factual account for the apparent finding of good cause by the trial court.
 

 In this instance, however, the record is sufficient for the court to determine the facts regarding service of process and the factual narratives of each party regarding service are essentially the same. Our review then is limited to whether the trial court correctly applied the law to the very limited issue of the service of process requirements of La. R.S. 13:5107.
 

 DOTD contends that the trial court erred in denying the state’s motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C) and R.S. 13:5107(D)(2).
 

 Article 1672(C) reads:
 

 C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declina-tory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
 

 La. R.S. 13:5107(D) reads:
 

 (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 L(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
 

 La. R.S. 13:5107(D)(1) thus requires that when a petition is filed against a state agency, service must be requested within 90 days of the commencement of the action or within 90 days of the filing of an amended petition which “initially” names the state agency. Failure by the plaintiff to request service within 90 days requires that the action be dismissed after a contradictory motion. The contradictory motion mentioned in R.S. 13:5107 is a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C). To avoid dismissal of the petition, the plaintiff must show “good cause” for either failing to request service
 
 *948
 
 or that service was untimely.
 
 Filson v. Windsor Court Hotel,
 
 04-2893(La.6/29/05), 907 So.2d 728.
 

 In this instance, the original petition filed on December 9, 2005, did not name an existing state agency as the party defendant, nor was service of process requested on the appropriate agent for service of process for the DOTD, plaintiffs intended target in the suit. Although it did request service on Kay Hodge, an employee of the DPSC, within 90 days of filing the original petition, the supreme court has held that “[t]he requirement that service upon defendant be requested within the 90-day period should reasonably be read
 
 to require an accurate request of service upon the proper agent for defendant.
 
 ”
 
 Barnett v. Louisiana State University Medical Center-Shreveport,
 
 02-2576 (La.2/7/03), 841 So.2d 7251 (emphasis supplied).
 

 It was riot until the plaintiff filed the Second Amended Petition on June 1, 2006, that it “initially named” the DOTD as defendant in the suit and reiterated its original allegations contained in the original petition. The plaintiff requested service on the Johnny Bradberry, secretary of the DOTD and the appropriate agent for service of process, within the 90-day period as required by R.S. 13:5107(D)(1) when an amended petition initially names a state agency as defendant. Clearly then, the DOTD cannot, and indeed, does not, complain about the timeliness of service or proper agent for service regarding the Second Amended Petition. In point of fact, the state’s motion for involuntary dismissal is directed solely at the original petition, which was served on the DOTD along with the First and Second Amended petitions.
 

 We conclude, however, that the state’s motion for involuntary dismissal under La. C.C.P. art. 1672(C) pursuant to violation of R.S. 13:5107(D)(1) is misguided. The original petition was filed against the Department of Highways, a nonexistent entity, which also means that it is not a state agency. Thus, dismissal for failure to request service of process within 90 days under R.S. 13:5107 was not triggered by the original petition and original request for service on Kay Hodges, at least not with respect to DOTD, because DOTD was not a named defendant.
 
 See Taylor v. LSU Med. Ctr., supra
 
 at p. 590. There, pursuant to R.S. 13:5107, LSUHSC filed a motion for involuntary dismissal of the plaintiffs petition filed against LSU Medical Center, a “misnamed non-entity,” and requested service on |7CT Corporation, which was not LSUHSC’s agent for service of process. We held that the motion was inappropriate.
 
 [2]
 

 Perhaps the state recognized this problem when it filed the instant motion for involuntary dismissal identifying itself as the Department of Highways, an entity it claims does not exist. Be that as it may, DOTD believed that it was required by our decision in
 
 Taylor
 
 to file a motion for involuntary dismissal of the original petition rather than file its peremptory exception of prescription, fearing that filing the latter first would constitute an appearance waiving service of process. However, the waiver of service of process in
 
 Taylor
 
 concerned service of the amended petition, not
 
 *949
 
 the original petition, which did not name LSUHSC as a defendant.
 

 We noted in
 
 Taylor
 
 that where the initial petition was filed against a misnamed nonentity, LSUMC, and service was requested on CT Corporation, which was not LSUHSC’s agent for service of process, “the initial petition and service of process were therefore completely insufficient to support any action of the court or judgment against LSUHSC, which was not named in the suit.”
 
 Taylor, supra
 
 at 589. Accordingly, when Taylor amended her petition and initially named LSUHSC as defendant,
 
 but apparently did not obtain service on LSUHSC
 
 within 90 days, we stated that LSUHSC’s motion for involuntary dismissal of the original petition against LSUMC under R.S. 13:5107(D) was not only inappropriate regarding the ^original petition in which it was not a named defendant, but we concluded that the same “pre-amendment” motion could not be revived for purposes of the amended petition without filing a new motion. We further held that LSUHSC had waived service of process regarding
 
 the amended petition
 
 because it filed a peremptory exception of prescription without first filing a new motion for involuntary dismissal for failure to request service of process within 90 days as required by R.S. 13:5107,
 
 [3]
 

 Thus, while
 
 Taylor
 
 is instructive, it is distinguishable from the instant case, because there is no question that Corbin requested service within 90 days of filing the Second Amended Petition, as was the case in
 
 Taylor
 
 with the plaintiffs amended petition. Corbin’s request of service of the original petition on DOTD’s agent for service of process along with service of the Second Amended Petition does not also change the fact the defendant named in the original petition was a misnamed nonentity and therefore R.S. 13:5107 is not implicated.
 

 Thus, the trial court correctly denied the motion for involuntary dismissal of the Original Petition under La. C.C.P. art. 1672(C) and La. R.S. 13:5107(D), inasmuch as the DOTD is not the named defendant or state agency in the original petition, and, in fact, the original petition does not name any state agency as defendant. As previously stated, the plaintiff timely requested service of process on the correct agent for service of her Second Amended Petition naming the DOTD as defendant. However, the |flDOTD cannot use La. R.S. 13:5107(D) to obtain dismissal of the original petition since it is not the named defendant in the petition, 'nor does the petition name a state agency.
 

 The issue of whether the Second Amended Petition relates back to the filing of the original petition for purposes of the one-year prescriptive period for tort actions is a separate and distinct issue from the question of service of process and is not before this court.
 

 DECREE
 

 Accordingly, the judgment of the trial court is affirmed. We recall our previous writ grant, deny the writ application, and remand to the trial court for further proceedings. Costs are not assessed. La. R.S. 13:4521.
 

 WRIT RECALLED; WRIT DENIED; REMANDED.
 

 [1]
 

 . The Louisiana Department of Highways was abolished by enactment of La. R.S. 36:509 by 1977 La. Acts No. 83, § 1. It was replaced by a new agency, the Louisiana Department of Transportation and Development, in 1977.
 

 [2]
 

 . In his dissent to the original opinion of the panel, J. Caraway stated at p. 587: "Arguably, that motion was inappropriate because, pursuant to La. R.S. 13:5107(D), the suit had not been previously filed naming LSUHSC so that service of citation upon LSUHSC had not been withheld for over ninety days within the strict context of that law." As the author of the opinion on rehearing, J. Caraway noted again that "it is significant to note that at the time LSUHSC filed its motion to dismiss, Taylor was not in violation of the procedural rule embodied in La. R.S. 13:5107(D). Suit had not been filed against LSUHSC, and service of citation upon LSUHSC had never been withheld.”
 
 Taylor, supra
 
 at 589.
 

 [3]
 

 . Taylor, in fact, did request service of process of the amended petition on LSUHSC within 90 days of filing. However, for reasons unknown, service was not ordered by the clerk of court on LSUHSC. Had LSUHSC filed a new motion for involuntary dismissal, Taylor would have had an opportunity to prove she requested service of process within the prescribed time.