470 So.2d 535 (1985)
Doris STEVENS
v.
CHARTER CRUDE OIL COMPANY.
No. 84 CA 0515.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*536 John B. Perry, New Orleans, for plaintiff-appellant.
Alton B. Lewis, Hammond, for defendant-appellee.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
In this personal injury action, plaintiff appeals a judgment of the trial court sustaining an exception of prescription filed by defendant, Charter Marketing Company (Charter Marketing).
Charter Marketing was named as a defendant in plaintiff's second supplemental and amending petition, which was filed more than one year after the date of plaintiff's alleged slip and fall in a convenience store allegedly owned or operated by Charter Marketing. Plaintiff contends on appeal that the trial court erred in ruling that this amendment of the pleadings does not relate back to the date of the filing of the original petition.
We reverse.
Plaintiff filed her original petition for damages against Charter Crude Oil Company (Charter Crude) on August 18, 1982, alleging that she suffered a slip and fall injury on October 22, 1981, in a Charter Food Store. Charter Crude answered on December 14, 1982, denying that it was the owner or operator of the store. On March 14, 1983, Charter Crude filed a motion for summary judgment and was ultimately dismissed from the lawsuit by judgment signed April 27, 1983. On March 21, 1983, plaintiff filed a "motion to amend" the original petition, adding as defendants two sister corporations of Charter Crude, Charter International Oil Company (Charter International) and Charter Marketing. Both of these defendants filed an exception of prescription on April 19, 1983. Charter International subsequently filed a motion for summary judgment and was dismissed from the lawsuit.
On August 24, 1983, plaintiff filed a second "motion to amend", clarifying the relationships among the corporate defendants and re-urging Charter Marketing as a defendant. Alleging that they had been added as defendants in the second amending petition, Charter Oil Company (the parent company of Charter International, Charter Crude and Charter Marketing) and Charter Company (the parent company of Charter Oil Company) filed an exception of prescription on October 31, 1983. Hearing was had on both pending exceptions, and judgment was rendered sustaining the exceptions and dismissing Charter Marketing, Charter Oil Company and Charter Company from the suit. It is from that judgment that plaintiff appeals.[1]
Plaintiff's alleged accident occurred on October 22, 1981, and the amending petition naming Charter Marketing as a defendant was not filed until March 21, 1983. Plaintiff's action against Charter Marketing *537 has thus prescribed on its face under LSA-C.C. art. 3492[2]. Relying on LSA-C. C.P. art. 1153, plaintiff contends that the running of the time limitation was interrupted by the filing of the original petition, and that the amendment adding Charter Marketing as a defendant relates back to the date of that filing.
LSA-C.C.P. art. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The purpose of art. 1153 is to allow amendment of pleadings despite technical prescriptive bars when the original pleading gives the parties fair notice of the general fact situation out of which the amended claim or defense arises. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). Generally, the article does not authorize the addition of a new defendant as a mere "amendment" relating back to the time of the original petition since the defendant has not received notice of the claim against him by virtue of the original petition. McClendon v. Security Ins. Co. of Hartford, 340 So.2d 426 (La. App. 4th Cir.1976); Lowe v. Rivers, 448 So.2d 848 (La.App. 2nd Cir.1984).
Under certain circumstances, however, this may be permitted. In Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La. 1983), the Louisiana Supreme Court established the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The record reveals that the original defendant, Charter Crude, is a sister corporation of Charter Marketing; both are subsidiaries of Charter Oil Company. Both Charter Crude and Charter Marketing are incorporated in Florida, but registered to do business in the state of Louisiana. Both have the same agent for service of process in this state. However, Charter Crude has no offices in this state and is based in Houston, Texas. At the time of the alleged accident and the institution of this litigation, Charter Marketing was based in Hammond, Louisiana. Both corporations were represented in this litigation by the same attorney. Charter Crude is in the business of buying and selling crude oil; Charter Marketing owns and operates a chain of combination gasoline and convenience stores in this state, called Charter Food Stores.
Plaintiff was contacted soon after the alleged accident by an insurance adjuster for Crawford & Company, which handles on a national basis all claims against Charter Oil Company and its subsidiaries, including Charter Marketing. The adjuster sent plaintiff a letter requesting her signature on a medical authorization form, identifying as the insured, Charter Oil Company. The adjuster testified that he did not specify Charter Marketing as the insured because Crawford & Company's account *538 was with Charter Oil, and all claims are referenced to Charter Oil's files. Sometime between that incident and August, 1982, the adjuster and plaintiff's attorney had at least one telephone conversation to discuss liability in the matter, and the adjuster never indicated to plaintiff's attorney that the wrong corporation had been named as defendant.
At the hearing and in brief, plaintiff's counsel indicated that he fixed upon Charter Crude as defendant in the original petition by determining from the office of the Secretary of State that there was not a Charter Oil Company registered in the state, but that there was a Charter Crude Oil Company. He assumed that this latter designation was the correct name of the insured identified by the claims adjuster as Charter Oil Company.
The adjuster admitted that shortly after plaintiff's suit was filed on August 18, 1982, he was informed either by someone from Charter Crude's office or by the corporation's attorney that plaintiff had sued the wrong subsidiary. He testified that he felt no obligation to so inform plaintiff's attorney, because once suit was filed, his office no longer had any responsibility for the claim and the matter was placed in the hands of the insured's attorneys. He testified that the attorney representing Charter Crude (and subsequently representing Charter Marketing) was also aware of the error but made no effort to inform plaintiff's attorney of the mistake. The record shows that the corporations' attorney deliberately delayed filing an answer or exception to plaintiff's original petition[3], denying ownership of the Charter Food Stores chain, until after the one year prescriptive period had elapsed.
Plaintiff argues that the criteria established in Ray v. Alexandria Mall, supra, have been fully satisfied. We agree.
Plaintiff's amended petition quite clearly arose out of the same transaction or occurrence set forth in her original petition. It is clear from the record that Charter Marketing must have received notice of the institution of plaintiff's suit such that it will not be prejudiced in maintaining its defense on the merits. Additionally, it is obvious that Charter Marketing must know or should have known that but for the mistake by plaintiff's counsel concerning the correct name of the corporation, the action would have originally been brought against it. Finally, Charter Marketing is not a wholly new or unrelated defendant. Plaintiff's amending petition merely corrected a misnomer, and thus relates back to the date of filing of the original petition.
For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription filed by Charter Marketing is reversed; and the peremptory exception of prescription is overruled. The case is remanded to the trial court for further proceedings on the merits. Costs of this appeal to be borne by defendant-appellee, Charter Marketing; all other costs are to await final disposition of the case.
REVERSED AND REMANDED.
NOTES
[1] It does not appear that plaintiff actually made Charter Oil Company and Charter Company defendant; plaintiff did not request service of the second amending petition upon these corporations, and the record contains no evidence that they were ever served. We can only surmise that they responded out of an excess of caution. Because they were not ever made defendants, we disregard that portion of the judgment appealed from which dismisses them from the suit, and only address the propriety of the judgment as to Charter Marketing.
[2] LSA-C.C. art. 3492 provides:

"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
[3] On October 4, 1982, Charter Crude requested, and obtained, an extension of time in which to file responsive pleadings.