964 So.2d 1006 (2007)
Jaroed SLOCUM, ex ux.
v.
Elmer LITCHFIELD, Sheriff of East Baton Rouge Parish.
No. 2007 CW 0006.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
John Stewart Tharp, Cyrus J. Greco, William Kaufman, Baton Rouge, Counsel for Defendant/Relator, Elmer B. Litchfield, Sheriff of East Baton Rouge Parish.
Timothy J. Martinez, Baton Rouge, Counsel for Plaintiffs/Respondents, Jaroed Slocum and Laura Slocum.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
CARTER, C.J.
This court granted a writ of certiorari to determine the sufficiency of service of process of this delictual action against Elmer Litchfield as the Sheriff of East Baton Rouge Parish.

FACTS AND PROCEDURAL HISTORY
Jaroed Slocum, formerly a deputy employed with the East Baton Rouge Parish Sheriffs Department, instituted a negligence action in April 2006. Slocum alleges he sustained injuries in the performance of his official duties when attacked by an inmate. "Elmer Litchfield, in his capacity as the Sheriff of the Parish of East Baton Rouge" was named as the sole defendant. The petition contained a request that service on the defendant be held. In June 2006, personal service[1] was perfected upon "EBR Parish Sheriffs Office through its agent for service: Elmer B. Litchfield."
*1007 In response to Slocum's petition, Sheriff Litchfield filed a declinatory exception raising the objection of insufficiency of service of process and a motion for involuntary dismissal. Sheriff Litchfield also filed a dilatory exception raising the objection of lack of procedural capacity and a peremptory exception raising the objection of no cause of action. Following the trial court's denial of his exceptions and motion, Sheriff Litchfield sought the supervisory review of this court. On March 7, 2007, this court granted a writ of certiorari.

DISCUSSION
The sole issue briefed[2] for this court's consideration is whether personal service of the citation and petition upon the "EBR Parish Sheriffs Office through its agent for service: Elmer B. Litchfield," (emphasis supplied) constitutes timely and effective service on the sole defendant to this suit, Sheriff Litchfield.
Litchfield, as the elected sheriff, is the constitutionally designated chief law enforcement officer of the Parish, and the sheriff, not the sheriff's department, was properly named as the defendant in this litigation. The law of Louisiana affords no legal status to a parish sheriff's department; a sheriffs department is not a legal entity capable of being sued. Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97), 691 So.2d 665, 668.
As noted in Slocum's petition, Sheriff Litchfield is a "political subdivision" within the meaning of LSA-R.S. 13:5102 B(1). As a political subdivision, service must be accomplished in accordance with LSA-R.S. 13:5107 D(1), which requires that service be requested within ninety days of the commencement of the action. "If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served." LSA-R.S. 13:5107 D(2).
According to the citation and service return,[3] an East Baton Rouge Parish Deputy Sheriff effected personal service upon Sheriff Litchfield; however, the citation refers to Sheriff Litchfield as an agent for the East Baton Rouge Parish Sheriff's Office, rather than as the named defendant. Sheriff Litchfield maintains that this error in the citation amounts to ineffective service; therefore, plaintiff's suit against him should be dismissed without *1008 prejudice in accordance with LSA-R.S. 13:5107 D(2).
In Thomas v. Louisiana Dept. of Public Safety and Corrections, 02-0897 (La.App. 1 Cir. 3/28/03), 848 So.2d 635, writ denied, 03-2397 (La.11/21/03), 860 So.2d 552, the plaintiff filed suit against the State of Louisiana through the Department of Public Safety and Corrections (DPSC) and Dixon Correctional Institute. In Thomas, as in the instant case, the correct defendant was named in the suit. But in Thomas, service initially was requested upon the Secretary of State, an incorrect agent for service. Approximately eighteen months after the suit was filed, service was perfected on the correct agent, Richard Stalder, the Secretary of DPSC. In response to the defendants' motion to dismiss, plaintiff argued that LSA-R.S. 13:5107 merely required that service be requested within ninety days of filing the initial pleading, not that service be perfected, emphasizing that he timely requested service on the proper party, albeit on the wrong agent for service of process. This court rejected plaintiffs argument and held that a request for service of process satisfies the ninety-day requirement of LSA-R.S. 13:5107 D when it names the proper party or agent for service of process. Thomas, 848 So.2d at 638-640.
But the present matter is factually distinguishable from Thomas and requires a different result. In Thomas, service was made upon the incorrect agent, an agent totally unrelated to the litigation. Thomas, 848 So.2d at 636-637. Conversely, in this instance, although the citation referred to Sheriff Litchfield as "agent" for the East Baton Rouge Parish Sheriff's Department, Sheriff Litchfield was personally served with the citation and the petition; service was perfected upon the sole named defendant. The technical misnomer of Sheriff Litchfield as "agent" in the citation does not vitiate the actual service of process upon Sheriff Litchfield as the sole named defendant.
Based on the foregoing, we find no error in the trial court's ruling denying the declinatory exception raising the objection of insufficiency of service of process and the motion for involuntary dismissal filed on behalf of Sheriff Litchfield.
AFFIRMED.
NOTES
[1] "Personal service is made when a proper officer tenders the citation or other process to the person to be served." LSA-C.C.P. art. 1232.
[2] Sheriff Litchfield did not brief the trial court's ruling denying his "Exception of Lack of Procedural Capacity and No Cause of Action." Legal issues not briefed are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
[3] Sheriff Litchfield filed in district court a motion to supplement the record with: (1) a June 16, 2006, letter from plaintiff's counsel to the clerk of court requesting service of the petition; and (2) the citation and return of the East Baton Rouge Parish Sheriff's Office filed June 27, 2006. The district court granted the motion. The clerk's office supplemented the record with the citation return; however, the June 16, 2006, letter requesting service was sent under separate cover with a notation that the "letter was not filed." Because the letter to the clerk of court was never filed into the record or into evidence at the trial court level, it cannot be considered. An appellate court cannot review evidence that is not in the record and cannot receive new evidence. Guedry v. Fromenthal, 633 So.2d 287, 289 (La.App. 1 Cir.1993). The minutes from the December 4, 2006, hearing reflect that Sheriff Litchfield offered "the entire suit record" into evidence, but "the record" already is a part of the proceedings, and it is not necessary for an attorney to specifically state that it is offered into evidence. See Discover Bank v. Peters, 38,366 (La.App. 2 Cir. 4/14/04), 870 So.2d 602, 606.