HANS J. LILJEBERG, Judge.
| ¡Appellant, Connie Abdul-Salaam, appeals the trial court’s judgment which granted a declinatory exception of insufficiency of citation and service filed by ap-pellee, Whole Food Company, Inc., and dismissed her suit with prejudice. However, appellee, Whole Food Company, Inc., is neither a named defendant nor a party to *847 these proceedings. For the reasons that follow, we find appellee, did not have standing to file a declinatory exception of insufficiency of citation and service. Therefore, we reverse the trial- court’s decision to grant the declinatory exception and vacate the January 21, 2015 judgment dismissing this matter with prejudice. We further find the trial court’s April 6, 2015 Judgment denying appellant leave to file an amending and supplemental petition for damages is not properly before this Court on appeal and decline to address it.

J£ACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2014, appellant filed a petition for damages naming Whole Foods Market, Inc. and Gallagher Bassett Services, Inc. as defendants. In her petition, appellant Requested service on these defendants through their alleged agent for service of process, CT Corporation System (“CT”). On or about July 24, 2014, CT sent appellant’s counsel a letter indicating it is not the agent for service of process for “Whole Foods Market” and further noted this entity was not listed in the “records of the State of LA.”[1]
Appellee apparently learned of this lawsuit, and on November 13, 2014, it filed a declinatory exception of insufficiency of citation and service requesting dismissal of appellant’s claims.[2]. Appellee argued citation and service of process were insufficient because appellant named the wrong defendant, ‘Whole Foods Market, Inc.,” and failed to request service of citation on the correct defendant, Whole Food Company, Inc., in a timely manner.[3]
Appellant’s counsel did not file an opposition, and did not appear at the January 13, 2015 hearing on the declinatory exception. Following a brief discussion on the record, the trial court granted the exception- and appellee’s counsel indicated he would prepare a judgment. On January 21, 2015, the trial court signed a judgment granting the declinatory exception of insufficiency of citation and service and dismissing the matter with prejudice.
On March 23, 2015, appellant filed a motion to appeal the January 21, 2015 judgment. At the same time, appellant also filed a motion for leave to file a supplemental and amending petition to add “Whole Food Company, Inc.” as a |4defendant. On April 6, 2015, the trial court granted the motion for appeal and also denied the request for leave to file the supplemental and amending petition on the grounds that it dismissed the matter on January 21,2015.

LAW AND DISCUSSION

In her first assignment of error, appellant contends the trial court erred by dismissing the matter with prejudice because La. C.C.P. art. 932 required the trial court to allow her the opportunity to amend her petition. Appellee did not file an appellate brief in response. In the memorandum appellee filed in support of its declinatory exception, it argued appellant’s failure to name and request service on the correct defendant in a timely manner entitled it to the dismissal of this matter in its entirety pursuant to La. C.C.P. art. 1672.[4]
*848 As an initial matter, our review of the record indicates appellee is not a named defendant and is not a party to these-proceedings in any other, capacity. Therefore, we question whether appellee possessed the requisite standing necessary to file the declinatory exception at -issue and request dismissal of these proceedings.' An appellate court may raise the issue of standing on its own motion. See State v. Draughter, 13-0914 (La.12/10/13), 180 So.3d 855, 864. Furthermore, this Court previously dismissed exceptions filed by a non-party based on the lack of standing to raise a defense reserved for named defendants -and parties. See, e.g., McGrath v. Excel Home Care, Inc., 01-1270 (La.App. 5 Cir. 3/26/02), 810 So.2d 1283, 1288, writ denied, 02-1344 (La.11/27/02), 831 So.2d 284; Pitre v. Dufrene, 97-1027 (La.App. 5 Cir. 1/27/98), 708 So.2d 1085, 1086; Becnel v. Madere, 585 So.2d 387, 389 (La.App. 5 Cir.1988), writ denied, 536 So.2d 1199 (La.1988).
La. C.C.P. art. 1201(C) sets forth the time periods within which a plaintiff must request service of citation on a named defendant:
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental i or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. [Emphasis added.]
La. C.C.P. art. 1672(C) explains that the named defendant and “any Other party” can request a dismissal without prejudice following a ‘ plaintiffs failure to request service on a named defendant in a timely manner:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon,the sustaining of a decli-natory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a- specified time. [Emphasis added.]
The language of La. C.C.P. art. 1672(C) is clear and unambiguous and we find that it only permits a “named defendant" or a “party”[5] to seek the dismissal of an action based on the plaintiffs failure to request service in a timely manner. See also Corbin v. La.. Dep’t of Highways, 44,882 (La.App, 2 Cir. 12/9/09), 26 So.3d 945, 948-949 (holding an unnamed defendant cannot seek dismissal of a matter without prejudice where plaintiff originally requested service on a misnamed defendant); Whitley v. State, 11-0040 (La.7/1/11), 66 So.3d 470, 481 (noting an unnamed defendant cannot seek dismissal for the failure to request timely service).
Appellee is not named as. a defendant in the petition and is not otherwise a party to these proceedings. Therefore, it lacked standing to file a declinatory exception of insufficiency of eitation and service seeking the dismissal of this matter pursuant to La. C.C.P. art. 1672(C). For these reasons, ,we reverse the I (judgment granting the declinatory exception and vacate the dismissal with prejudice.
In her second assignment of error, appellant argues the trial court erred by denying her request for leave to file a *849 supplemental and amending petition because her claims, against co-defendant Gallagher Bassett Services were still pending. Appellant further argues the amending petition relates back to the original petition pursuant to La. C.C.P. art. 1153.
We find the April 6, 2015 judgment is not properly on appeal before this Court because the trial court denied leave to amend the petition on April 6, 2015, after appellant filed her motion to appeal on March 23, 2015. Appellant did not file an additional request for appellate review of the April 6, 2015 judgment. Therefore, we decline to address this assignment of error. Regardless, because we .vacated the trial court’s judgment dismissing this matter with prejudice, its subsequent judgment denying leave to amend the petition based on the dismissal essentially is without effect.

DECREE

For the foregoing reasons, ,we find ap-pellee did not have standing to file the declinatory exception of insufficiency of citation and service seeking dismissal pursuant to La. C.C.P. art. 1672. Therefore, we reverse the trial court’s January 21, 2015 judgment granting appellee’s declinatory exception and vacate the judgment dismissing this matte? with, prejudice.

JUDGMENT REVERSED AND VACATED

. CT also sent a letter to appellant’s counsel indicating it was not the agent for service of process for "Gallagher Bassett Services”.

. Gallagher Bassett Services, Inc. did not file or join in appellee's exception of insufficiency of citation and service.

. We cannot determine from the record whether CT is the correct agent for service of process for appellee.

. The only provision in La. C.C.P. art. 1672 which is applicable to this matter is Section C which permits dismissal without prejudice as *848 to a named defendant for the failure to request service in a timely manner.

. A "party” is defined as "those by or .against whom a legal suit is brought.” Black’s Law Dictionary 1122 (6th ed. 1990),