STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0728

SHAWN MORGAN

VERSUS

WEST BATON ROUGE PARISH SHERIFF'S DEPARTMENT, ERIC J. MORALES, IN HIS OFFICIAL CAPACITY AS A DEPUTY OF THE WEST BATON ROUGE PARISH SHERIFF'S DEPARTMENT, CITY OF PORT ALLEN, PORT ALLEN POLICE DEPARTMENT, AND RON KAUFFMAN, JR. INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER WITH THE PORT ALLEN POLICE DEPARTMENT

Judgment Rendered: __JUL 1 4 2020__

Appealed from the
Eighteenth Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Docket Number 1040,977

Honorable Alvin Batiste, Jr., Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

<table>
<tr><td>Earl A. Marcelle, III<br>Baton Rouge, LA</td><td>Counsel for Plaintiff/Appellant,<br>Shawn Morgan</td></tr>
<tr><td>Bradley C. Meyers<br>John F. Jakuback<br>Melissa B. Caruso<br>Baton Rouge, LA</td><td>Counsel for Defendants/Appellees,<br>City of Port Allen and Officer<br>Ron Kauffman, Jr.</td></tr>
<tr><td>Christopher H. Hebert<br>Lafayette, LA</td><td>Counsel for Defendants/Appellees,<br>West Baton Rouge Parish Sheriff's<br>Department and Eric J. Morales</td></tr>
</table>

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS[1], JJ.

---

[1] Honorable William J. Burris, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**WHIPPLE, C.J.**

This case is before us on appeal by plaintiff, Shawn Morgan, from a judgment of the trial court dismissing his claims against the West Baton Rouge Parish Sheriff's Department (WBRPSD) as abandoned. For the reasons that follow, we reverse the judgment and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In September 2013, plaintiff filed suit to recover damages allegedly sustained as a result of a motor vehicle accident which occurred on September 9, 2012. Named as defendants were: the West Baton Rouge Parish Sheriff's Department;[2] Eric J. Morales, in his official capacity as a deputy of the WBRPSD; City of Port Allen; Port Allen Police Department (PAPD); and Ron Kauffman, Jr., individually and in his capacity as an officer with the PAPD. The petition alleged that Mr. Morgan was walking along the shoulder of Court Street in Port Allen when he was struck by a vehicle driven by Mr. Morales, a deputy of the WBRPSD, who was in the course and scope of his employment. The petition further alleged that approximately one month after the accident, Ron Kauffman, Jr., an officer of the PAPD, improperly revised the crash report to place Mr. Morgan at fault, despite not being at the scene of the accident nor involved in its investigation.[3]

On January 7, 2014, the City of Port Allen and Mr. Kauffman answered the petition, generally denying the allegations and raising several affirmative defenses. Thereafter, on June 18, 2014, the City of Port Allen and Mr. Kauffman filed a motion to compel discovery responses against the plaintiff. The motion was

---

[2] Sheriff Cazes contends, and Mr. Morgan concedes, that "the West Baton Rouge Sheriff's Department" is not a legal entity which may be sued or stand in judgment. La. Const. art. V, § 27; see Valentine v. Bonneville Ins. Co., 96-1382 (La. 3/17/97), 691 So. 2d 665, 668; Slocum v. Litchfield, 2007-0006 (La. App. 1st Cir. 6/8/07), 964 So. 2d. 1006, 1007, writ denied, 2007-1412 (La. 10/5/07), 964 So. 2d 943.

[3] Mr. Morgan alleged that these actions were in violation of LSA-R.S. 14:133, which prohibits "filing or maintaining false public records."

2

granted on August 8, 2014. On March 5, 2015, these same defendants filed a motion for summary judgment seeking a dismissal of all of plaintiff's claims against them. After a hearing at which plaintiff's counsel was not present, the trial court signed a judgment granting the motion on May 20, 2015.

Mr. Morgan filed a motion for new trial, contending that he needed more time to obtain the deposition of Officer Louis Hamilton, a former officer of the PAPD, in order to adequately oppose the motion for summary judgment. The City of Port Allen and Mr. Kauffman opposed the motion, but after a hearing, the trial court granted Mr. Morgan three weeks to depose Officer Hamilton. Officer Hamilton's deposition was taken on July 27, 2015. After a second hearing on both of the motions on September 2, 2015, the trial court upheld its earlier ruling, granting summary judgment in favor of the City of Port Allen and Mr. Kauffman and dismissing plaintiff's claims against them at plaintiff's costs.

The record contains no further filings until April 6, 2017, when Mr. Morgan filed an amended motion for preliminary default against the WBRPSD.[4] In support of this motion, Mr. Morgan attached a Notice of Service, indicating personal service of the petition for damages on the West Baton Rouge Sheriff's Office through Mike Cazes on December 10, 2013.[5] Over a year later, on June 20, 2018, Mr. Morgan filed a motion to confirm the default judgment, which was set for hearing on August 1, 2018. In support of his motion, Mr. Morgan attached a letter sent to Sheriff Cazes on November 7, 2017, which stated that the petition for damages and amended motion for preliminary default were attached and that if a

---

[4] While the motion is titled "Amended Motion for Preliminary Default," the record does not contain any other motion for preliminary default. Thus, it is unclear whether an initial motion for preliminary default was filed before this "amended" motion.

[5] Although Sheriff Cazes was served with the petition on December 13, 2013, he was not a named defendant in the matter at the time of service. As mentioned above, Mr. Morgan only named the West Baton Rouge Parish Sheriff's Department, which is not a legal entity capable of being sued under the Louisiana Constitution. La. Const. art. V, § 27; see Valentine v. Bonneville Ins. Co., 691 So. 2d at 668.

3

response was not received, Mr. Morgan would move forward with confirming a judgment by default.

Mr. Morgan filed a supplemental and amending petition for damages on July 11, 2018, amending his petition and prayer for relief to name "Mike Cazes, Sheriff of the West Baton Rouge Parish Sheriff's Department and a person of the full age of majority and a resident of the Parish of West Baton Rouge, State of Louisiana" and requesting service on Sheriff Cazes. On August 6, 2018, Sheriff Cazes, in his capacity as Sheriff of West Baton Parish, filed a motion to dismiss the suit on the basis of abandonment, alleging that plaintiff had not taken a step in the prosecution of his tort claim against the WBRPSD in more than three years. Before the motion could be heard, Mr. Morgan filed a second supplemental and amending petition for damages on August 15, 2018, setting forth additional allegations against the WBRPSD. A hearing on the motion to dismiss was held on November 28, 2018. Thereafter, the trial court signed a judgment dismissing all of Mr. Morgan's claims against Mike Cazes in his capacity as Sheriff of WBRPSD.

Mr. Morgan now appeals, contending that the trial court erred in granting Sheriff's Cazes's motion to dismiss on the grounds of abandonment.

## DISCUSSION

Pursuant to LSA-C.C.P. art. 561(A)(1), an action (other than certain succession proceedings) is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. However, Article 561(B) states that, "[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." Louisiana Code of Civil Procedure article 1446(D) further states that, "[t]he taking of a deposition shall be considered a step

4

in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings."

Louisiana Code of Civil Procedure article 561 further provides that abandonment is self-executing; thus, it occurs automatically upon the passing of three years without a step being taken by either party and is effective even without court order. Clark v. State Farm Mutual Automobile Insurance Company, 2000-3010 (La. 5/15/01), 785 So. 2d 779, 784. However, "on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment." LSA-C.C.P. art. 561(A)(3).

Louisiana Code of Civil Procedure article 561 has been construed as imposing three requirements on a plaintiff. First, the plaintiff or the defendant must take some "step" toward the prosecution or defense of the suit. A "step" is the taking of formal action intended to hasten the suit toward judgment or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark, 785 So. 2d at 784.

The underlying policy of the abandonment article is to prevent protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Wilkerson v. Buras, 2013-1328 (La. App. 1st Cir. 8/12/14), 152 So .3d 969, 974, writ not considered, 2014-2138 (La. 11/26/14), 152 So. 3d 894.

5

However, the jurisprudence has uniformly held that LSA-C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Paternostro v. Falgoust, 2003-2214 (La. App. 1st Cir. 9/17/04), 897 So. 2d 19, 21, writ denied, 2004-2524 (La. 12/17/04), 888 So. 2d 870. Further, because dismissal is harsh, the law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Thus, any action or step taken to move the case toward judgment should be considered. If the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. Wilkerson, 152 So. 3d 969, 974. The intention of LSA-C.C.P. art. 561 is not to dismiss suits as abandoned based on technicalities, but to dismiss only those cases where the plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of the case. Louisiana Department of Transportation and Development v. Oilfield Heavy Haulers, L.L.C., 2011-0912 (La. 12/6/11), 79 So. 3d 978, 982.

Whether a step in the prosecution or defense of a case has been taken in the trial court within a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. Wilkerson, 152 So. 3d 969, 974.

In the instant case, Sheriff Cazes argues that the lawsuit herein is actually two separate, cumulated actions, namely a tort action for personal injury damages stemming from the allegation that Deputy Morales struck the plaintiff with his vehicle and a "statutory action" stemming from the allegation that the police report was subsequently falsified. Sheriff Cazes further contends that because these are

6

two separate, cumulated actions, as a matter of law, steps taken in one action do not interrupt the time period for abandonment of the separate action.

In support of his motion to dismiss, Sheriff Cazes attached: the petition for damages; supplemental and amending petition for damages; amended motion for preliminary default; the City of Port Allen and Mr. Kauffman's motion for summary judgment and accompanying documents; Mr. Morgan's motion for new trial and accompanying documents, along with the judgment on the motion; and the second supplemental and amending petition for damages.

Contending the suit was properly dismissed on the basis of abandonment, Sheriff Cazes maintains on appeal that more than three years had passed "since any party had taken any steps in the prosecution or defense of the tort action prior to filing the [first] Supplemental and Amending Petition for Damages" and that "the last step taken in the prosecution or defense of the tort action was the attempted service of the Petition on the [WBRPSD] on December 10, 2013" and the action was therefore abandoned as of December 10, 2016, at the latest. Extending this argument, Sheriff Cazes contends that the service on him "with a Petition for Damages that identifie[d] a party that is incapable of being sued" had no legal effect and that "[n]o pleadings, motions, or exceptions were filed on behalf of defendant Cazes prior to the plaintiff filing the Supplemental and Amending Petition since he was not a party to the lawsuit." Accordingly, he argues that his notice of the lawsuit, which came when he was served on December 10, 2013, did not extend the time period for abandonment.

Sheriff Cazes contends that because the lawsuit is actually two cumulated actions on separate claims, Officer Hamilton's deposition cannot be considered a step in the prosecution of the tort action, because it was taken solely to oppose a motion for summary judgment in the statutory action. He contends that this is consistent with the language in LSA-C.C.P. art. 1446(D) which provides that

7

taking a deposition "shall be considered a step in the prosecution... **of an action**." (Emphasis added.) Finally, Sheriff Cazes contends that because post-abandonment action by a plaintiff cannot revive an abandoned lawsuit, Mr. Morgan's amended motion for preliminary default, filed on April 6, 2017, is without legal effect since the action was already abandoned by operation of law. Additionally, he maintains that both supplemental and amending petitions are also without legal effect due to the fact that they were filed after the action was abandoned by operation of law.

In opposition, Mr. Morgan contends that the action clearly had not been abandoned and could not be deemed as such as he deposed Officer Hamilton, the investigating officer of the crash, on July 27, 2015, which reset the time period for abandonment under both LSA-C.C.P. art 561 and LSA-C.C.P. art. 1446(D). Specifically, Mr. Morgan contends that the defense arguments in support of abandonment are unsupported, as Officer Hamilton was deposed as a witness regarding both the statutory and tort claims and that in any event, his deposition testimony "bore **dual relevance**" to the proceedings. As to any remaining arguments by Sheriff Cazes, Mr. Morgan contends that under LSA-C.C.P. art. 1153, both of his supplemental and amending petitions for damages relate back to the date of filing of the initial petition for damages and that his supplemental and amending petitions correctly naming Sheriff Cazes cured "any defects relative to Sheriff Cazes being the proper party defendant."

As stated above, LSA-C.C.P. art. 561 provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court" for three years. The Code defines an "action" as a demand for the enforcement of a legal right. LSA-C.C.P. art. 421. See also State through Department of Highways v. Lessley, 53-307, (La. 12/3/73) 287 So. 2d 792, 794. It is commenced by the filing of a pleading presenting the demand to the court. LSA-C.C.P. art. 421. Cumulation of actions is the joinder of separate actions in

8

the same judicial demand. LSA-C.C.P. art. 461. Whether or not to cumulate separate actions is a discretionary decision to be made by a plaintiff. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 91-2708, (La. 4/12/93), 616 So. 2d 1234, 1238. On the other hand, all claims or actions arising out of the same transaction or occurrence must be brought together or be subject to a plea of res judicata. LSA-R.S. 13:4231; LSA-C.C.P. art. 425; Everything on Wheels Subaru, 616 So. 2d at 1238. Thus, several claims or "actions" may therefore be present in the same lawsuit.

In the instant action for damages, Mr. Morgan asserted claims against the WBRPSD, alleging it was vicariously liable for the acts of its employee in causing the crash, and claims against the City of Port Allen and Officer Kauffman, alleging they were liable for the alleged falsification of the crash report one month later and that the City of Port Allen liable for its failure to properly train and/or supervise its officer. Thus, this suit asserts two actions, one based in tort and one based in statute.

Under the explicit language of LSA-C.C.P. art. 561(B) and LSA-C.C.P. art 1446(D), the taking of a deposition with or without formal notice is a step in the prosecution of an "action." Even if we were to classify the instant "action" in the manner asserted by the Sheriff, at the time the deposition was taken, Officer Hamilton's testimony was not limited to being taken only for the purpose of one particular claim or action (if such a limitation could apply), but was relevant to both both "actions" asserted in this matter.[6] At the time of the crash, Officer Hamilton worked for the PAPD, was the investigating officer at the scene of the crash, and created the initial crash report that was allegedly falsified a month after the crash. Accordingly, it is clear that Officer Hamilton's testimony and

---

[6] Notably, the deposition was taken prior to the final judgment dismissing the claims against the City of Port Allen and Ron Kauffman, Jr.

deposition was pertinent to the claims asserted in this matter. Further, Mr. Morgan deposed Officer Hamilton on July 27, 2015, less than three years from the filing of the suit on September 9, 2013. Accordingly, the deposition served to interrupt the time period for abandonment herein. For purposes of LSA-C.C.P. art. 561, a step by one party prevents abandonment as to all of the parties, even where they are not solidarily liable. Delta Development Company, Inc. v. Jurgens, 84-0515 (La. 9/10/84) 456 So. 2d 145, 146.

However, as previously mentioned, Mr. Morgan initially incorrectly named the "West Baton Rouge Parish Sheriff's Department" as a defendant in this matter. It is well settled that the law of Louisiana affords no legal status to the "Parish Sheriff's Department" so that the department can sue or be sued; this status is reserved for the Sheriff, as chief law enforcement officer of the Parish. Valentine, 691 So. 2d 665, 668. Nevertheless, while Mr. Morgan initially incorrectly named the WBROSD, rather than the Sheriff, as the proper party defendant in this matter, Sheriff Cazes undisputedly was given notice of the suit and served with the original petition for damages on December 10, 2013.[7] Thus, we must also resolve the effect, if any, of such service upon Sheriff Cazes, who was not properly named as a defendant at that time.

Although Sheriff Cazes did receive actual notice of the pending action through service on him, he was not a party to the suit at the time service was made on him.

Plaintiff suggests in his brief that after Sheriff Cazes received service on December 10, 2013, he should have filed an exception or a responsive pleading to point out the defect. However, we note that Sheriff Cazes was not legally obligated to do so and did not have standing in the suit at that time to file any

---

[7] The Notice of Service states that the party served was "WBRPSO THRU MIKE CAZES (SHERIFF)".

10

exception or responsive pleading. See generally Abdul-Salaam v. Whole Food Market. Inc., 15-356 (La. App. 5th Cir. 11/19/15), 179 So. 3d 846, 848 (where plaintiff incorrectly named, and attempted to serve, a grocery store defendant and the actual grocery store that plaintiff intended to sue filed an exception, the appellate court held that the actual grocery store was not a named defendant and thus, not a party to the proceedings, such that it did not have standing to file an exception in the proceedings).

As such, we conclude that the service of the original petition on Sheriff Cazes on December 10, 2013, was ineffective as he was not a party to the suit at that time. Rather, it was not until the plaintiff amended his petition on July 11, 2018, to name Sheriff Cazes, that he became a party to the suit, dating back to the filing of the original petition. Nonetheless, the supplemental and amending petitions relate back to the original petition.

Under LSA-C.C.P. art 1153, "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing [of] the original pleading." The purpose of LSA-C.C.P. art. 1153 is to allow amendment of pleadings despite technical prescriptive bars when the original pleading gives the parties fair notice of the general fact situation out of which the amended claim or defense arises. Generally, the article does not authorize the addition of a new defendant as a mere "amendment" relating back to the time of the original petition since the defendant has not received notice of the claim against him by virtue of the original petition. Stevens v. Charter Crude Oil Company, 470 So. 2d 535, 537 (La. App. 1st Cir. 1985), writ denied, 475 So. 2d 358 (La. 1985).

However, there are four criteria for determining whether LSA-C.C.P. art. 1153 allows an amendment which changes the identity of the party sued to relate back to the date of the filing of the original petition:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

Ray v. Alexandria Mall, Through St. Paul Property and Liability Insurance, 434 So. 2d 1083, 1086-1087 (La. 1983).

We find that all four of these criteria are met. The first amended petition arose out of the same transaction or occurrence, namely the accident involving the plaintiff and Deputy Morales, an officer with the WBRPSD, purportedly in the course and scope of his employment with the Sheriff's Office. Sheriff Cazes, as the substitute defendant, received actual notice of the institution of the action when service was made on him on December 10, 2013, although he was not at that time a named party defendant. As the record reflects, but for a mistake, the plaintiff would have named him as the proper party. Sheriff Cazes is not a "wholly new" or "unrelated" defendant, as the plaintiff simply erred by naming the "WBRPSD," and not "Sheriff Cazes, in his official capacity," as the defendant. Here, there is no new cause of action being asserted; instead, the supplemental and amending petition merely corrected the mis-named party defendant. Thus, Sheriff Cazes was a named, but unserved, defendant when the petition was amended to correctly name him, and the petition related back to the filing of the original petition.

12

However, because Sheriff Cazes was not served as a properly named defendant until he was served with the supplemental and first amending petition correcting the error in the original petition, we must also consider whether abandonment of the action against him occurred during the time he was an unserved defendant, as an action will be abandoned against a defendant, where the defendant is **unserved and no action is taken in the prosecution of the action against that unserved defendant** during the abandonment period. See Stevens v. Chen, 2011-1486 (La. App. 1st Cir. 6/8/12), 2012 WL 2060878, *5 (unpublished), writ denied, 2012-1590 (La. 10/12/12), 98 So. 3d 876; see also Bissett v. Allstate Insurance Company, 567 So. 2d 598 (La. 1990).

As noted above, the taking of Officer Hamilton's deposition on July 27, 2015 interrupted the time period for abandonment as to the actions asserted herein. Because the first supplemental and amending petition was filed on July 11, 2018, abandonment is inapplicable here. As this court has recognized, for the purpose of determining whether an action should be dismissed for abandonment, "the intent and substance of a party's actions matter far more than technical compliance." Thibaut Oil Company, Inc., v. Holly, 2006-0313 (La. App. 1st Cir. 2/14/07), 961 So. 2d 1170, 1172-73. Moreover, as mentioned above, because dismissal is harsh, the law favors and justice requires that an action be maintained whenever possible so that an aggrieved party has his day in court. Wilkerson, 152 So. 3d 969, 974.

Accordingly, we find that the trial court erred in granting the motion and dismissing the suit for abandonment.

## CONCLUSION

For the above and foregoing reasons, the trial court's January 24, 2019 judgment, dismissing the plaintiff's claims against Mike Cazes, in his capacity as Sheriff of West Baton Rouge Parish, is hereby reversed and the matter is remanded

13

for further proceedings. Costs of this appeal are assessed to the defendant, Sheriff Mike Cazes, in his capacity as Sheriff of West Baton Rouge Parish.

**REVERSED AND REMANDED.**