STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0247

**TOM C. MILLER**

**VERSUS**

**JOSE GUSTAVO ERAZO, GABISA INSURANCE COMPANY AND
LIBERTY MUTUAL INSURANCE COMPANY**

Judgment Rendered: **SEP 2 1 2023**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C665938, Sec. 24

Hon. Donald R. Johnson, Judge Presiding

* * * * * * *

| | |
|---|---|
| Willie G. Johnson, Jr.<br>Jennifer O. Robinson<br>Sophia J. Riley<br>Derek E. Elsey<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Tom C. Miller |
| Paul D. Oberle, Jr.<br>Byron A. Richie<br>Patrick W. Woolbert<br>Shreveport, Louisiana | Counsel for Defendant/Appellee,<br>National General Insurance Co. and<br>Imperial Fire & Casualty Insurance<br>Co. |
| Keith S. Giardina<br>Heather A. D'Antonio<br>David A. Safranek<br>Brad J. Brumfield<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Liberty Personal Insurance Co. |

* * * * * * *

**BEFORE:  THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

The plaintiff, Tom C. Miller, appeals from the trial court's July 19, 2021 judgment granting a motion to dismiss filed by Imperial Fire and Casualty Insurance Company.[1] After reviewing the record, this court determined that Imperial was not named as a defendant in Mr. Miller's petition for damages, filed on January 31, 2018. No other pleading in the record named Imperial as a party to this proceeding. However, National General Insurance Company, a named defendant, filed an answer to a first supplemental and amending petition for damages purportedly filed by Mr. Miller. National's answer indicated that Imperial was named in Mr. Miller's first supplemental and amending petition for damages. National also alleged in its answer that it "shares common ownership" with Imperial.

This court, ex proprio, issued an order on August 11, 2023, directing the Clerk of Court for the 19th Judicial District Court to supplement the appellate record with, among other things, the first supplemental and amending petition for damages filed by Mr. Miller and the answer filed by Imperial.

The Clerk of Court for the 19th Judicial District Court supplemented the appeal record, as instructed, on August 21, 2023. Neither of the requested pleadings was included in the supplemental appellate record, evidencing to this court that Mr. Miller did not file a first supplemental and amending petition for damages into the record with the Clerk of Court for the 19th Judicial District Court. Imperial is not named as a party defendant in this proceeding and does not appear in any other capacity. Thus, there is no pending suit against Imperial, and Imperial lacked standing to file a motion to dismiss Mr. Miller's suit pursuant to La. C.C.P.

---

[1] This case arises out of a car accident that occurred in February 2017.

arts. 1471 and 1473.[2]

Although a party's lack of standing is generally raised by a peremptory exception of no right of action, this court may notice such on its own motion pursuant to La. C.C.P. art. 927(B). *See* La. C.C.P. art. 927 and *Rowland v. BASF*, 20-0278 (La. App. 1st Cir. 3/29/21), 323 So.3d 26, 34, *writ denied*, 21-00607 (La. 6/22/21), 318 So.3d 706. *See also Abdul-Salaam v. Whole Food Market, Inc.*, 15-356 (La. App. 5th Cir. 11/19/15), 179 So.3d 846, 848 (An appellate court may raise the issue of standing on its own motion.)

For these reasons, we vacate the judgment granting the motion to dismiss filed by Imperial Fire and Casualty Insurance Company. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Tom C. Miller.[3]

**VACATED AND REMANDED.**

---

[2] Imperial's motion to dismiss alleged that Mr. Miller violated the trial court's April 28, 2021 order to appear for his deposition. Because Imperial lacked standing to file the motion to dismiss, we do not address Liberty Personal Insurance Company's argument on appeal that the judgment granting Imperial's motion dismissed Mr. Miller's suit in its entirety, not simply Mr. Miller's claims against mover, Imperial.

[3] This memorandum opinion is issued in accordance with Uniform Rules–Courts of Appeal Rule 2–16.2(A)(2) and (4).